IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TERRY GOODEN # 28393**                                                             **PETITIONER**

**VERSUS**                                                         **Civil Action No. 5:16cv90-DCB-RHW**

**SHERIFF TRAVIS PATTON**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] Terry Gooden's October 7, 2016[1] petition for writ of habeas corpus, and [11] Respondents' February 17, 2017 motion to dismiss the petition as moot. Counsel for Respondent certified that Gooden was mailed a copy of the motion at his free-world address the same day the motion was filed, but Gooden has filed no response. The matter is now ripe for ruling. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and Gooden's petition, dismissed.

### Facts and Procedural History

Adams County Circuit Court indictment 15-KR-0154-S, returned on November 20, 2015, charged Terry Gooden with second offense stalking committed July 1, 2015, in violation of Miss. Code Ann. § 97-3-107. [1, p. 24], [11-1] On December 28, 2015, a capias issued for Gooden's arrest on the indictment. [1, pp. 22-23] While Gooden was in the Adams County Jail in October 2016, he filed the present habeas petition seeking release from confinement and dismissal of the stalking case. [1, p. 16] Because his application for leave to proceed *in forma pauperis* was incomplete, the Court entered Order [3] on October 11, 2016, requiring Gooden to

---

[1] Gooden's handwritten petition is dated October 4, 2016. [1, p. 16] Under the "mailbox rule," the petition is deemed filed the day he delivered it to prison officials for mailing to the District Court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). The Clerk received and filed Gooden's petition on October 7, 2016.

1

file a properly completed IFP application, or to pay the $5.00 filing fee by November 1, 2016. Gooden failed to comply with that order. On November 17, 2016, the Court entered [4] an order requiring Gooden to show cause on or before December 12, 2016, why the case should not be dismissed for his failure to comply with order [3]. Gooden did not comply with the show cause order.

On December 29, 2016, Gooden paid the $5.00 filing fee for this action, and changed his address, stating that as of early November 2016, his address was 13 Coventry Road, Natchez, MS 39120, a free-world address. [5], [6] In explanation for why he had not timely responded to the Court's orders, Gooden stated that in the second week of November 2016, he went to the Adams County Sheriff's Department and told Sergeant Byrd his new address, but apparently Byrd did not pass that message along to other officers. As a result, Gooden claims the Court's orders went to the Sheriff's Department, then to "321 Eastmore Drive,"[2] and did not reach him until December 23, 2016 (presumably at the Coventry Road address).

On January 19, 2017, the State of Mississippi moved for an order *nolle prosequi* in Gooden's stalking case. One week later, the Circuit Court of Adams County granted the motion and dismissed case 15-KR-0154-S without prejudice. [11-1], [11-2]

Gooden's 32-page petition (including attachments) is presented as a habeas corpus under 28 U.S.C. § 2254, however he was never tried or convicted in case 15-KR-0154-S, and his requested relief, *e.g.*, speedy trial, dismissal of the indictment, and to have his accuser Jackqln (*sic*) Davis[3] in court [1, p. 16], indicates his petition seeks pretrial habeas relief in that case. This is further supported by the fact that the documents Gooden attached as part of his complaint (copies of the indictment and capias for case 15-KR-0154-S, and a March 19, 2015 temporary

---

[2]The docket does not reflect that Gooden ever provided the Court this address.

[3]Gooden was indicted for stalking Jacqueline Davis. [11-1], [1, pp. 21, 24]

2

protective order issued to Jacqueline Davis against Gooden), all relate to his stalking indictment, case 15-KR-0154-S, which the Adams County Circuit Court has dismissed. [1, pp. 21-24, 26] Respondent urges that Gooden's release from custody and dismissal of the indictment render his petition moot.

## Law and Analysis

To the extent Gooden's petition challenges his pretrial detention pursuant to the stalking indictment, the undersigned considers it under 28 U.S.C. § 2241, as Gooden was in custody but had not been convicted when he filed his complaint. A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). There are limits to the federal habeas relief available to pretrial detainees. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). For instance, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court distinguishes between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to promptly bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing

3

*Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)).  The Fifth Circuit has held the distinction is based on the type of relief requested by the petitioner.  *Brown v. Estelle*, 530 F.2d at 1283.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes;" if he is attempting to "force the state to go to trial," then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial.  *Id.*  While the latter is grounds for federal habeas relief, the former is not; "an attempt to dismiss an indictment or otherwise prevent a prosecution ... is normally not attainable through federal habeas corpus." *Id.; Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502-508 (E.D. La. 1988) ("a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him.").  Gooden's request for dismissal of his state court stalking indictment is clearly an attempt to prevent the prosecution of that case.  *Brown*, 530 F.2d at 1282-83.  Federal habeas relief is not available for such claims.  Even were that not the case, according to Gooden he has been out of jail since early November 2016, approximately one month after filing this petition, and the evidence establishes that the state court indictment has been dismissed, thus the Court cannot grant the relief requested in his habeas petition.  See *Jamison v. Strain*, 2007 WL 1521007, at *2-3 (E.D. La., May 18, 2007).  In the event that Gooden intended to seek relief from some judgment or action other than case 15-KR-0154-S, the undersigned finds he should be required to "file a separate petition covering the judgment or judgments of each court." *See Rules Governing Section 2254 Cases in the United States District Courts* 2(e) and 1(b).

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that [11] the Respondent's motion be granted, and the petition for habeas corpus relief be dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Rule 72(a)(3), *L.U.Civ.R.,* allows parties 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it.  Objections must be filed with the clerk of court, served on the other parties and submitted to the assigned District Judge.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  One who fails to timely file written objections is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 17th day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE