IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRY GOODEN                                                    PETITIONER

v.                      CIVIL ACTION NO. 5:16-cv-90-DCB-RHW

SHERIFF TRAVIS PATTON, *et al.*                    RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Magistrate Judge Robert H. Walker's Report and Recommendations (docket entry 13). Having carefully reviewed the Report and Recommendations, the petitioner's response thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner Terry Gooden ("Gooden") filed his petition for writ of habeas corpus in October of 2016 while incarcerated in the Adams County Jail for second offense stalking in violation of Mississippi Code § 97-3-107.[1] On January 19, 2017, the State of Mississippi moved for an order *nolle prosequi* in state court. The Circuit Court of Adams County granted the State's motion and dismissed the case against Gooden without prejudice. Doc. 11-2. The record also indicates that Gooden has been released from custody. See Docs. 5, 6. On February 17, 2017, the respondents moved to dismiss Gooden's habeas petition as moot in light of the *nolle prosequi* order. Doc. 11.

---

[1] The Adams County Circuit Court indictment (15-KR-0154-S) charging Gooden with second offense stalking was returned on November 20, 2015.

1

Magistrate Judge Walker entered his Report and Recommendations on March 17, 2017, wherein Judge Walker considered Gooden's petition under 28 U.S.C. § 2241 and recommended that the respondents' motion be granted. See Doc. 13, p. 4. Judge Walker found that Gooden's habeas petition sought to dismiss the indictment or otherwise prevent prosecution in state court, claims which are "normally not attainable through federal habeas corpus." Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976); see Doc. 13, p. 4. And even assuming federal habeas relief may have been attainable, Judge Walker concluded that the Court is unable to grant the requested relief because Gooden is no longer in custody and the indictment against him has been dismissed. Doc. 13, p. 4. Shortly thereafter, Gooden filed a Letter (docket entry 14) and Response (docket entry 16), which the Court construes as a timely objection to the Report and Recommendations.

When a party timely objects to a magistrate judge's proposed findings and recommendations under 28 U.S.C. § 636(b)(1), the Court conducts *de novo* review of the recommendations to which the party's objections pertain. Fed. R. Civ. P. 72(b)(3). Yet, the Court need not consider objections which are frivolous, conclusive or general in nature, and the portions of the report not objected to are reviewed only for plain error. Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1). Gooden's objection to the Report and Recommendations appears to be directed towards a single sentence contained in the introductory portion of the report. Namely, the petitioner argues that Judge Walker erred by finding that "Gooden has filed no response" to the respondents' motion to dismiss. See Doc. 13, p. 1.

Gooden's response to the motion to dismiss was dated March 14, 2017 and docketed by the clerk on March 17, 2017, immediately before Judge Walker's Report and Recommendations was filed. See Doc. 12. Though it appears that the report mistakenly noted that Gooden failed to respond to the respondents' motion, the Court is satisfied that such error was inadvertent and harmless insofar as Judge Walker does not appear to have relied upon the petitioner's failure to respond in reaching his ultimate recommendation. Moreover, the Court has reviewed Gooden's response to the motion to dismiss, along with the present objection and applicable law, and finds that federal habeas relief is unavailable in this matter.[2] In his response, Gooden rehashes the allegations set forth in his original petition and concedes that the charges against him have been dismissed. See Doc. 12, p.3. Gooden's objection is therefore overruled.

---

[2] The Court has afforded the most liberal construction to the petitioner's *pro se* pleadings and surmises that Gooden's remaining claims seek relief from prosecution of the charge stated in Adams County Circuit Court indictment 15-KR-0154-S. The Court previously dismissed Gooden's claims of excessive force and denial of medical care without prejudice. See Doc. 8.

3

On April 12, 2017 after the time for filing objections to the Report and Recommendations passed, Gooden submitted an additional document styled "Motion to Appeal" (docket entry 18). Within this document Gooden appears to request relief from the Court's previous Order dismissing the petitioner's claims of excessive force and denial of medical care.[3] While the petitioner's motion was docketed as a Notice of Appeal, the Court construes this document as a motion to reconsider since the filing contains no reference to the Fifth Circuit. To the extent that Gooden seeks relief from the Court's January Order, the petitioner's motion shall be denied. See Pierre v. U.S., 525 F.2d 933, 936 (5th Cir. 1976) ("[a habeas action's] sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

Having conducted a *de novo* review of the portion of the Report and Recommendations objected to, and having reviewed the remainder for plain error, the Court finds that Judge Walker has undertaken a comprehensive review of the facts and issues presented in this case and has issued a thorough opinion.

Accordingly,

---

[3] The Court dismissed these claims without prejudice so that Gooden could pursue them in a separate civil suit under 42 U.S.C. § 1983. In addition to this habeas petition, Gooden has two separate § 1983 actions pending in federal court. Doc. 8.

4

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations (docket entry 13) is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that the respondents' Motion to Dismiss (docket entry 11) is GRANTED;

IT IS FURTHER ORDERED that the petitioner's Motion to Appeal (docket entry 18), which the Court construes as a motion to reconsider, is DENIED;

IT IS FURTHER ORDERED that Gooden's remaining claims be dismissed;

A Final Judgment dismissing Gooden's petition for writ of habeas corpus will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 15th day of May, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE